UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANNY WILBER,

> Petitioner

> v.                                                    Case No. 10-C-179

MICHAEL THURMER,

> Respondent.

## SCREENING ORDER

Petitioner Danny Wilber filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on March 9, 2010. Petitioner was convicted of first-degree intentional homicide by use of a dangerous weapon in connection with the shooting death of a man at an after-hours house party. He filed his habeas petition after completing his direct appeals in the Wisconsin state court system. However, because the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1) was soon expiring on his federal § 2254 petition, Petitioner also filed a motion to stay the action so that he could exhaust an unexhausted state claim. Petitioner stated he wished to file a post-conviction motion pursuant to Wis. Stat. § 974.06 asserting that postconviction counsel was ineffective because he failed to challenge trial counsel's ineffectiveness. Finding his claims were not plainly meritless and that he had not intentionally delayed or engaged in abusive litigation tactics, the court granted the motion to stay on March 9, 2010, and administratively closed the case. Dkt. No. 4.

Petitioner has since appeared to have exhausted his state court remedies. The court will now reopen the case and screen the petition. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether Petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts three grounds for relief. First, Petitioner alleges that the state court erred when it allowed the prosecutor to present the remnants of burned shoes that were recovered from an outdoor grill in Petitioner's yard as evidence. Petitioner claims that the prosecution used this evidence to argue that Petitioner intended to destroy evidence, which showed consciousness of guilt, even though there was noting to connect Petitioner to the shoes. Second, Petitioner asserts that his constitutional right to a fair trial was violated when the trial court required that he be restrained to a wheelchair in a way that was visible to the jury during closing arguments. Finally, Petitioner asserts that postconviction counsel was ineffective for failing to raise trial counsel's ineffectiveness in conducting an investigation. From the face of the petition, the court cannot conclude that these claims lack merit. Accordingly, Petitioner will be allowed to proceed on these claims. Petitioner has indicated his intent to amend his petition. Any amended petition should be filed within thirty days of the date of this order.

**IT IS THEREFORE ORDERED** that this case is **REOPENED**.

**IT IS FURTHER ORDERED** that any amended petition must be filed within 30 days of the date of this order.

2

**IT IS FURTHER ORDERED** that, within 60 days of the date of this order, Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days following the filing of Respondent's answer within which to file a reply brief. Once a reply brief is filed, the court will determine whether further briefing is required.

**IT IS FURTHER ORDERED** that, if Respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead by as follows: (1) Petitioner shall have 30 days following the filing of Respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Petitioner is no longer incarcerated at a Prisoner E-Filing Program Institution, he will be required to submit all correspondence and legal material to:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for Respondent copies of documents sent to the court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] (NEF) to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary.[2] The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent.

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

4

The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this _23rd_ day of May, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court