UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANNY WILBER,

        Petitioner,

v.                                       Case No. 10-C-179

MICHAEL THURMER,

        Respondent.

**DECISION AND ORDER GRANTING MOTION TO AMEND
AND SCREENING AMENDED PETITION**

In March 2010, Petitioner Danny Wilber filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, asserting that the state court erred when it allowed the prosecutor to present the remnants of burned shoes that were recovered from an outdoor grill in Petitioner's yard as evidence, his constitutional right to a fair trial was violated when the trial court required that he be restrained to a wheelchair in a way that was visible to the jury during closing arguments, and post-conviction counsel was ineffective for failing to raise trial counsel's ineffectiveness in conducting an investigation. Petitioner also filed a motion to stay the case to allow him to exhaust his state court remedies on certain claims. The court granted the motion on March 9, 2010, and administratively closed the case. On May 23, 2019, the court reopened the case, screened the petition, and allowed Petitioner to proceed on all three grounds raised in his petition.

Presently before the court is Petitioner's motion to amend his petition. Petitioner asserts the three grounds raised in the original petition and seeks to add a claim that there was insufficient evidence to support his conviction. The court cannot conclude that this claim lacks merit.

Accordingly, Petitioner will be allowed to proceed on this claim, along with the three grounds raised in his original petition.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (Dkt. No. 52) is **GRANTED**. The Clerk is directed to detach and e-file the amended petition (Dkt. No. 52-2).

**IT IS FURTHER ORDERED** that, within 60 days of the date of this order, Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days following the filing of Respondent's answer within which to file a reply brief. Once a reply brief is filed, the court will determine whether further briefing is required.

**IT IS FURTHER ORDERED** that, if Respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) Petitioner shall have 30 days following the filing of Respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated this __1st__ day of July, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court