UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANNY WILBER,

        Petitioner,

  v.                                                            Case No. 10-C-179

MICHAEL THURMER,

        Respondent.

## DECISION AND ORDER GRANTING MOTION FOR RECONSIDERATION

      In March 2010, Petitioner Danny Wilber filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, asserting that the state court erred when it allowed the prosecutor to present the remnants of burned shoes that were recovered from an outdoor grill in Petitioner's yard as evidence, his constitutional right to a fair trial was violated when the trial court required that he be restrained to a wheelchair in a way that was visible to the jury during closing arguments, and post-conviction counsel was ineffective for failing to raise trial counsel's ineffectiveness in conducting an investigation. Along with his petition, Petitioner filed a motion to stay the case to allow him to exhaust his state court remedies on certain claims. The court granted the motion on March 9, 2010, and administratively closed the case. On May 23, 2019, the court reopened the case, screened the petition, and allowed Petitioner to proceed on the three grounds raised in his petition. On June 24, 2019, Petitioner filed a motion to amend his petition. The court granted the motion on July 1, 2019, and allowed Petitioner to proceed on the three grounds raised in the original petition as well as on a claim that there was insufficient evidence to support his conviction. Presently before the court is Petitioner's motion for reconsideration, requesting that the court consider additional claims raised

in the amended petition that were not addressed in the order screening the amended petition. It appears the court inadvertently failed to consider Petitioner's additional grounds for relief because they were raised in the attachments to Petitioner's amended petition, rather than listed in the form petition itself, and Petitioner did not explicitly list each of his additional grounds for relief in his motion to amend. The court will therefore grant the motion for reconsideration and address these additional grounds for relief.

Petitioner's amended petition asserts nine grounds for relief: (1) the state court erred when it allowed the prosecutor to present the remnants of burned shoes that were recovered from an outdoor grill in Petitioner's yard as evidence, (2) his constitutional right to a fair trial was violated when the trial court required that he be restrained to a wheelchair in a way that was visible to the jury during closing arguments, (3) there is insufficient evidence to support his conviction, (4) post-conviction counsel was ineffective for failing to raise trial counsel's ineffectiveness in conducting an investigation, (5) trial counsel was ineffective for failing to consult and retain appropriate experts to address the speculative nature of the state's theory, (6) post-conviction counsel was ineffective for failing to raise trial counsel's ineffectiveness in failing to consult and retain appropriate experts, (7) post-conviction counsel was ineffective for failing to consult and present appropriate experts on Petitioner's direct appeal, (8) Petitioner is actually innocent, and (9) Petitioner has newly discovered evidence. From the face of the petition, the court cannot conclude that Petitioner's first seven grounds for relief lack merit. Accordingly, Petitioner will be allowed to proceed on these claims.

Petitioner will not be allowed to proceed on his claims of actual innocence and of newly discovered evidence, however, as these claims are not independent bases for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 401 (1993) ("Claims of actual innocence based on newly

discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *Simmons v. Thurmer*, No. 07-CV-604, 2009 WL 811524, at *6 (E.D. Wis. Mar. 27, 2009) ("In general, newly discovered evidence relating to the guilt of a state prisoner is not an independent ground upon which the court may grant habeas relief." (citing *Johnson v. Bett*, 349 F.3d 1030, 1038 (7th Cir. 2003)). Instead, they serve as a "gateway" to allow a habeas petitioner to bring claims of constitutional error that have otherwise been procedurally defaulted. *See United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001) ("[T]he petitioner's claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." (internal quotation marks and citations omitted)). Accordingly, these claims are dismissed.

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration (Dkt. No. 55) is **GRANTED**.

**IT IS FURTHER ORDERED** that, by August 30, 2019, Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days following the filing of Respondent's answer within which to file a reply brief. Once a reply brief is filed, the court will determine whether further briefing is required.

**IT IS FURTHER ORDERED** that, if Respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) Petitioner shall have 30 days following the filing of Respondent's dispositive motion

3

and supporting initial brief within which to file a brief in opposition; and (2) Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated this  12th  day of July, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
