STATE OF WISCONSIN   CIRCUIT COURT   MILWAUKEE COUNTY
                         BRANCH 05

_____

STATE OF WISCONSIN,

                Plaintiff,      JURY VERDICT
        -vs-                    Case No. 04CF000609

DANNY L. WILBER,

                Defendant.          COPY

_____

CHARGE:   First Degree Intentional Homicide While
          Armed with a Dangerous Weapon

_____

                    February 23, 2005
                    Milwaukee, Wisconsin
                 Safety Building-Room 316

BEFORE:

          THE HONORABLE MARY M. KUHNMUENCH
          CIRCUIT JUDGE

APPEARANCES:

JAMES GRIFFIN, Assistant District Attorney,
     Appeared on behalf of the State of Wisconsin.

MICHAEL CHERNIN, Attorney-at-Law,
     Appeared on behalf of the defendant.

     Defendant appeared in person.

                    Lori J. Cunico
                 Official Court Reporter

# I N D E X

PAGE

JURY VERDICT READ                    8


EXHIBIT                              MARKED

64 - Polaroid Photo                  21

65 - Toy Gun                         25

2

Case 1:10-cv-00179-WCG   Filed 08/29/19   Page 2 of 26   Document 61-29

TRANSCRIPT OF PROCEEDINGS:

2          THE COURT:  State of Wisconsin v.

3    Danny Wilber, 04CF000609, first degree

4    intentional homicide while armed with a

5    dangerous weapon.  Appearances please.

6          ATTORNEY GRIFFIN:  Assistant DA

7    Jim Griffin for the State.

8          ATTORNEY CHERNIN:  Michael

9    Chernin appearing on behalf of Danny Wilber,

10   who appears in person.

11         THE COURT:  Good morning.  The

12   court notes that the jury has been

13   deliberating since approximately 8:40 this

14   morning, and they buzzed about five or ten

15   minutes ago indicating that they had reached a

16   verdict.  In that regard, prior to the verdict

17   being tendered to the court and the jury being

18   brought out, I want to make a record of the

19   request that came out of the jury room.  One

20   came out last night and one came out this

21   morning.  The request last night was for the

22   exhibits -- off the record.

23              (Discussion off the record.)

24         THE COURT:  Last night -- back on

25   the record.  Last night the -- the -- we had

```
1        to discharge the jury early, and that had to
2        do with the fact that some of them had taken
3        the bus and had left their cars at different
4        park and ride lots.  As a result of that, the
5        last park and ride buses -- or the buses --
6        the last time buses leave to go to the park
7        and ride lots is at 5:48, I believe, and the
8        jurors had already, because of the length of
9        the afternoon proceedings and the closings,
10       and when we finally sent the jury back it was
11       about 20 after the hour of five, quarter
12       after, 20 after the hour of five, the jurors
13       had missed their -- six of the jurors had
14       missed their buses.
15                As a result, the court made a
16       call that we would not continue with
17       deliberations, instead we would send the jury
18       home try and secure transportation for them.
19       In that regard my deputy, Tim Mooney, took the
20       initiative to secure a prison transport bus
21       from the Sheriff's Department and drove those
22       six jurors securely back to their cars, which
23       I think that whole process took Tim about --
24       till about 8:00 o'clock last night.  So I want
25       to thank Deputy Mooney for that.
```

4

1          In addition, I was advised by the

2    chief judge, Michael Sullivan, at 7:30 last

3    night that because of the current situation,

4    with no parking available for jurors and no

5    parking lots available, that all criminal

6    courts have been advised or will be advised

7    via e-mail that they are not to keep jurors

8    past 5:00 p.m., so that they are able to

9    secure their last bus home or to the park and

10   ride lots from which they're parking.  And to

11   do so and to have enough time to be able to do

12   that, we need to release them no later than

13   5:00 o'clock.

14          So deliberations in -- from what

15   I guess from now until we hear otherwise,

16   deliberations in criminal cases won't go

17   beyond 5:00 p.m.  We are going to stick or

18   adhere to that directive until I hear

19   otherwise.

20          Finally, the jurors again asked

21   this morning or reiterated their request of

22   last night, which was to have the diagrams,

23   the floor diagrams of the kitchen area that

24   had been testified to in the -- during the

25   trial.  They had asked -- also asked for, this

1    morning, several photographs, all the

2    photographs dealing with pictures that had the

3    victim, Mr. David Diaz in them in the prone

4    position after he had been shot.  And they

5    also asked for the pictures that Mr. Kohl had

6    taken and that were received into the record

7    as well.  Those number 25, 15, 14, 1, 38, 39,

8    28A, 36A, 24, 51, and then 56 through 63.

9    Those were the exhibit numbers of the exhibits

10   that I've just described and that were

11   requested last night and this morning, and

12   that were ultimately sent into the jury room

13   as part of their deliberations.

14            At each point I advised counsel

15   for both the State and the defense that this

16   is the request that the jury did make and did

17   either have an objection to those particular

18   exhibits going into the jury room.  And

19   Mr. Griffin and Mr. Chernin both indicated to

20   the court that they did not object to these

21   exhibits going in.

22            Mr. Griffin, is that a correct

23   restatement of the discussion of the exhibits

24   that we talked about that ultimately went into

25   the jury room?

6

```
 1                    ATTORNEY GRIFFIN:  Yes.

 2                    THE COURT:  Mr. Chernin, is that

 3       a correct restatement of the exhibits that we

 4       talked about that went into the jury room?

 5                    ATTORNEY CHERNIN:  Yes ma'am.

 6                    THE COURT:  With that, we were

 7       bringing the defendant out because we wanted

 8       to make the record of the possibility of any

 9       other exhibits going into the jury room, in

10       what form, redacted form or not, particularly

11       as it relates to the -- the reports, the --

12       the police reports or statements that were

13       taken from various witnesses.  As we were

14       preparing to do that and have the parties

15       prepared to argue that to the court, we

16       received a notice, as I said, ten minutes ago,

17       that the jury had ultimately reached a

18       verdict, so it became unnecessary for us to

19       have that additional conference.

20                    We're going to have the jury come

21       out at this time.

22                    ATTORNEY GRIFFIN:  We are to

23       remain seated?

24                    THE COURT:  That's correct.

25                    ATTORNEY GRIFFIN:  And, I'm
```

Case 1:10-cv-00179-WCG   Filed 08/29/19   Page 7 of 26   Document 61-29

```
1        sorry, Judge, one more thing.  Whatever the

2        verdict may be, I'm going to ask that you poll

3        the jury by number.

4                    THE COURT:  By number.  Carol, do

5        you have the jury sheet?

6                    DEPUTY:  Remain quiet for the

7        jury please.

8                    (Jury in box.)

9                    THE COURT:  Please be seated.

10                   Members of the jury, have you

11       selected a foreperson?

12                   JURY:  Yes.

13                   THE COURT:  And would the

14       foreperson identify themselves by their jury

15       number please.

16                   FOREPERSON:  Number 14.

17                   THE COURT:  Juror Number 14, is

18       the -- has the jury reached a unanimous

19       verdict?

20                   FOREPERSON:  Yes.

21                   THE COURT:  Have you tendered

22       your verdict to the deputy?

23                   FOREPERSON:  Yes.

24                   THE COURT:  Deputy, do you have

25       the tendered verdict?
```

8

```
 1                    DEPUTY:  Yes.

 2                    THE COURT:  Is this the unanimous

 3       verdict of the jury?  Signify by saying 'aye.'

 4                    JURORS:  Aye.

 5                    THE COURT:  In the matter of

 6       State of Wisconsin v. Danny Wilber, we the

 7       jury, find the defendant, Danny Wilber, guilty

 8       of first degree intentional homicide, as

 9       charged in the Information.  If you find the

10       defendant guilty, you must answer the

11       following question, did the defendant commit

12       the crime while using a dangerous weapon?

13       Yes.  Dated this 23rd day of February, 2005,

14       at Milwaukee, Wisconsin, and signed by the

15       foreperson.

16                    Do I have a motion by either the

17       State or the defense?

18                    ATTORNEY CHERNIN:  Well, first

19       I'd seek to poll the jury, Your Honor.

20                    THE COURT:  Is that your

21       request?  Mr. Griffin, do you seek to have the

22       jury polled as well?

23                    ATTORNEY GRIFFIN:  I have no

24       objection.

25                    THE COURT:  Polling of the jury,
```

9

```
 1          ladies and gentlemen, what that means is that

 2          my clerk is going to call each of you by your

 3          jury number.  Do all of you remember your

 4          original jury number?  She's going to call

 5          your jury number, and as she does she's going

 6          to ask you if this is in fact your verdict.

 7          You will respond in the affirmative if it is

 8          your verdict.

 9                    Madam Clerk.

10                    THE CLERK:  As to the charge of

11          first degree intentional homicide while armed

12          with a dangerous weapon, Juror Number 3, was

13          this and is this now your verdict?

14                    JUROR 3:  Yes.

15                    THE CLERK:  Juror Number 4, was

16          this and is this now your verdict?

17                    JUROR 4:  Yes.

18                    THE CLERK:  Juror Number 6, was

19          this and is this now your verdict?

20                    JUROR 6:  Yes.

21                    THE CLERK:  Juror Number 10 was

22          this and is this now your verdict?

23                    JUROR 10:  Yes.  Yes.

24                    THE CLERK:  Juror Number 12, was

25          this and is this now your verdict?
```

10

```
1                    JUROR 12:  Yes.

2                    THE CLERK:  Juror Number 13, was

3        this and is this now your verdict?

4                    JUROR 13:  Yes.

5                    THE CLERK:  Juror Number 14, was

6        this and is this now your verdict?

7                    JUROR 14:  Yes.

8                    THE CLERK:  Juror Number 16, was

9        this and is this now your verdict?

10                   JUROR 16:  Yes.

11                   THE CLERK:  Juror Number 17, was

12       this and is this now your verdict?

13                   JUROR 17:  Yes.

14                   THE CLERK:  Juror Number 19, was

15       this and is this now your verdict?

16                   JUROR 19:  Yes.

17                   THE CLERK:  Juror Number 29, was

18       this and this is now your verdict?

19                   JUROR 29:  Yes.

20                   THE CLERK:  Juror Number 32, was

21       this and is this now your verdict?

22                   JUROR 32:  Yes.

23                   THE COURT:  The jury has been

24       polled.  Ladies and gentlemen of the jury, I

25       want to thank you for your service to this
```

11

```
1      community, to the criminal justice system.  I
2      think as I told you right from the get-go, if
3      we could not rely on good citizens like
4      yourselves to come in at no small
5      inconvenience to your lives, personally and
6      professionally, and serve as jurors in these
7      matters our criminal justice system would come
8      to a screeching halt.  And you have been just
9      outstanding in your execution of your jury
10     duties, both as to your patience during the
11     deliberations, your coming back when the court
12     directed you to come back, and a lot of the
13     stop and goes that we had during the trial.
14     No one faded from the -- from the duty or --
15     all of you stood up like the good citizens
16     that I knew you would be.
17              So I want to thank you on behalf
18     of myself, my staff, all of us who work in and
19     believe in the criminal justice system, you
20     are now discharged as jurors in this matter.
21     I'm going to have you return back to the jury
22     room, you will remain back there until my take
23     deputies you back down to Jury Management.
24              Thank you.
25              (Jury dismissed.)
```

12

1    THE COURT:  Motions by the State?

2    ATTORNEY GRIFFIN:  Motion for

3    judgment on the verdict.

4    THE COURT:  Motion by the

5    defense?

6    ATTORNEY CHERNIN:  I have two

7    motions, Your Honor.

8    THE COURT:  Go ahead.

9    ATTORNEY CHERNIN:  One is for --

10   I renew my motion for a mistrial based upon

11   the status in which my client appeared before

12   the jury on February 22nd.  We did not have

13   the opportunity to document that with a

14   photograph.  However, again, my client appears

15   bound in a wheelchair with his hands shackled

16   with a belly chain and handcuffs, he has

17   restraint straps on his --

18   ATTORNEY GRIFFIN:  I don't mean

19   to interrupt, Mr. Chernin, I spoke with one of

20   the sergeants here, there's a camera on the

21   way now because of the late hour, I don't know

22   if the court recalls, I said I would see if we

23   could get a photograph.  That way as opposed

24   to describing it there can be a photograph put

25   in the file for the record.  And there is a

1   camera on the way, I believe it's a Polaroid,

2   I believe Mr. Chernin will be able to look at

3   the photograph before it's put in the file and

4   agree that that's an accurate representation

5   of how Mr. Wilber was seated here at the

6   table, which I believe is consistent with the

7   way he was yesterday, although he had a

8   different shirt on.

9           ATTORNEY CHERNIN:  Thank you,

10  Mr. Griffin, and I concur, that is my motion,

11  again, for a mistrial in that regard.

12          The second is for a judgment

13  notwithstanding verdict in the matter.  I

14  think that the decision of the jury was

15  against the greater weight of the evidence.

16          THE COURT:  The court will grant

17  the State's request to enter judgment on the

18  verdict.  I'm not going to take this out of

19  the jury's hands at this time.  I believe

20  there was sufficient evidence in the trial

21  record for them to reach the decision that

22  they've made and I will not overturn their

23  decision at this time.  The court will deny

24  the defense motion for a mistrial based on the

25  defendant's appearance and deny their request

14

```
 1     for a judgment notwithstanding the jury

 2     verdict.

 3                     We will await the arrival of the

 4     camera so we can take a Polaroid of the

 5     defendant, which I believe will accurately

 6     depict the appearance of the defendant both

 7     yesterday and today, with the exception as

 8     noted of his shirt.  He was wearing a

 9     different colored shirt yesterday.  Off the

10     record.

11                     (Discussion off the record.)

12                     THE COURT:  In the interim the

13     court's going to remand awaiting for

14     sentencing.  Is either side requesting a PSI?

15                     ATTORNEY GRIFFIN:  The State is.

16                     THE COURT:  Court is going to

17     order a PSI.  Where is the defendant being

18     housed at this time?

19                     ATTORNEY CHERNIN:  He's currently

20     at Waupun.

21                     THE COURT:  Will he be in Waupun

22     for the next 30 or 60 days while this is being

23     ordered?

24                     ATTORNEY CHERNIN:  I would

25     assume.
```

15

```
 1                    THE COURT:  Is he serving a
 2      sentence up there?
 3                    ATTORNEY CHERNIN:  He's serving a
 4      sentence, I assume they will send him back.
 5                    THE COURT:  Court will order a
 6      presentence investigation.  What that is,
 7      Mr. Wilber, is a probation agent is going to
 8      interview you, get background information
 9      about you, your family, your criminal history,
10      your education and employment background, any
11      mental or physical issues that you're dealing
12      with.  All of that's put into a written
13      report, a copy of that will be tendered to the
14      court, a copy will be given to the State and
15      to your lawyer to share with you.
16                    On the sentencing date I'll hear
17      from the State, I'll hear from your lawyer,
18      and I'll hear from a member of the victim's
19      family, I'll hear from a member of your family
20      if you so desire, and I'll have that
21      presentence investigation report in my hands
22      at that time as well.  After I've heard from
23      both sides, that's when I will sentence you.
24                    THE CLERK:  Did you want to pick
25      a sentencing date, Judge?
```

16

```
 1                      THE COURT:  Yeah, they can pick

 2      one.

 3                      (Discussion off the record.)

 4                      THE COURT:  Take it from the

 5      front and the -- from the angle from where the

 6      juror box is.

 7                      ATTORNEY GRIFFIN:  I'm sorry,

 8      where are they going to take the pictures

 9      from, Judge?

10                      THE COURT:  I want them to take a

11      picture from the front.

12                      ATTORNEY GRIFFIN:  I'm going to

13      ask one from the side, the way the jury would

14      see it, over by the no smoke.

15                      THE COURT:  Okay.  I just asked

16      them.  They have to take a side picture and a

17      front picture.

18                      ATTORNEY GRIFFIN:  I'm sorry.

19                      THE COURT:  That's all right.

20      They see him from the front there and then

21      they'll see him as they come in from the angle

22      there.  From over on this side then too.  Bob,

23      over on this side over here.

24                      THE CLERK:  The first one didn't

25      work, Judge, they're trying to take the front
```

17

```
1        one.

2                        ATTORNEY GRIFFIN:  Judge, am I

3        excused?

4                        THE COURT:  Yeah, you are.

5                        ATTORNEY GRIFFIN:  April 22nd at

6        8:30?

7                        THE COURT:  Did you pick a date?

8                        THE CLERK:  I need you guys to

9        sign off on that stuff.

10                       THE COURT:  Yeah, wait a minute.

11       We have to have you sign off on some of these

12       exhibits.

13                       ATTORNEY CHERNIN:  Sign off on

14       what?

15                       THE COURT:  Do you have the one

16       developed?  Let me see the one developed in

17       that picture.  Let me take a look at that.

18                       Mr. Griffin, Mr. Chernin, please

19       take a look at this photograph.  If this is

20       the only one we're going to have, at least it

21       depicts what you've been describing.

22                       ATTORNEY GRIFFIN:  Well, I'm

23       confused about this.  If I may, Judge, can I?

24                       THE COURT:  Go ahead.

25                       ATTORNEY GRIFFIN:  It says that
```

18

```
 1      it's a stipulation and order for return of
 2      exhibits.  It says that exhibits are going to
 3      be returned to the offering party either
 4      immediately after the trial, which I don't
 5      think you're going to do, or within one year
 6      after time for appeal has expired.  I know the
 7      court may order it, but is the -- is the court
 8      asking me if I agree with this by signing it
 9      or will I agree with it or must I sign it?
10                  THE COURT:  You must sign it.
11                  ATTORNEY GRIFFIN:  I must sign
12      this?
13                  THE COURT:  Yep.  That's the
14      new -- it's a State form, and it's the new
15      directive.  My understanding is that this has
16      been cleared through the District Attorney's
17      Office as well.  The Clerk's Office did this
18      form up pursuant to discussion.
19                  ATTORNEY GRIFFIN:  So in like
20      three years, for example, just as a
21      hypothetical, I'm going to get a call, meaning
22      my office, from the Clerk's Office and say,
23      here's the Danny Wilber exhibits back?
24                  THE COURT:  Yep.
25                  ATTORNEY GRIFFIN:  And then those
```

19

```
1    things that were on inventory somehow have to
2    go back to MPD or whatever or kept by the
3    District Attorney?
4              THE COURT:  Yes, because of the
5    way it's --
6              ATTORNEY GRIFFIN:  Can I just
7    call Mark on this real quick?
8              THE COURT:  Go ahead.  I know
9    they're aware of it because we had a judge's
10   meeting on it and Mike Sullivan and the
11   Clerk's Office said that the DA's, Carol White
12   and everybody in the department were aware of
13   it.
14              In addition, while we're waiting
15   for that, the court has had a Polaroid
16   photograph taken at an angle of the jury
17   box -- off the record.
18              (Discussion off the record.)
19              THE COURT:  Back on the record.
20   At an angle of where the jury box is, I'm
21   going to say within six feet of the defendant,
22   where he is seated.  And that is to depict
23   the -- to have a record of -- an actual visual
24   record, a picture record of the condition of
25   which the defendant was in both yesterday
```

1   afternoon, which would have been February

2   22nd, in the p.m., and then this morning,

3   February 23rd, in the a.m., as a result of an

4   earlier ruling that I had made in conjunction

5   with my deputies in the Sheriff's Department

6   concerning courtroom safety. That will be

7   added to the file at this time for appellate

8   purposes.

9                (Discussion off the record.)

10               THE COURT:  With respect to the

11   picture, we're going to label that photograph

12   as Exhibit 64, is that correct, gentlemen,

13   that Polaroid of the defendant?

14               ATTORNEY GRIFFIN:  Yes.  And I

15   will submit to your clerk pictures of that red

16   plastic gun.

17               (Exhibit Number 64 was marked for

18   identification.)

19               ATTORNEY GRIFFIN:  And then the

20   last thing I was going to ask the court, I

21   don't know if -- what the court wants to do

22   about Mr. Wilber's right shoe that was wore in

23   trial that was used for demonstrative

24   purposes, if that needs to be marked.

25               THE COURT:  It was never marked

21

1    as an exhibit or received into the trial
2    record.
3                  ATTORNEY GRIFFIN:  Okay.  I will
4    submit those.  And can we agree that the
5    photograph of the red gun will be marked as
6    Exhibit --
7                  THE COURT:  65.
8                  ATTORNEY GRIFFIN:  -- 65?
9                  THE COURT:  Mr. Chernin?
10                  ATTORNEY CHERNIN:  Okay.  Judge,
11   Your Honor, what I -- with respect to this
12   stipulation that we're asked to sign, what I
13   indicated on my portion is I signed it, and I
14   said that notice would be provided to
15   appellate counsel.  And so I'm going to -- I'd
16   ask that at some point a copy of that be
17   forwarded to me so that I can -- the notice of
18   the intent to pursue post conviction relief, I
19   can attach that to the document.  And assuming
20   that there are appeals in this matter, I would
21   pass that on to whoever appellate counsel
22   might be.
23                  THE COURT:  That's a fair
24   request, it will be granted.
25                  ATTORNEY CHERNIN:  Thank you.

Case 1:10-cv-00179-WCG   Filed 08/29/19   Page 22 of 26   Document 61-29

```
 1              THE COURT:  That's it.  Let's
 2    take him down.
 3              ATTORNEY GRIFFIN:  Oh, sorry,
 4    Judge, one last thing I want to place on the
 5    record.  The proper names for the different
 6    restraints that Mr. Wilber has are a RIPP
 7    belt, shoulder strap, leg iron and stun belt,
 8    which I believe is described as a bandy?
 9              DEPUTY:  Bandit.
10              ATTORNEY GRIFFIN:  Oh, sorry, a
11    bandit, which goes on the arm.
12              THE COURT:  A stun band, which
13    was on his arm, not on his waist, I think I
14    made a record of that yesterday.
15              ATTORNEY GRIFFIN:  I think you
16    did.  Those are the names that are used by law
17    enforcement for these things.  I think we were
18    describing them as shoulder straps or
19    something, and just that's the appropriate
20    name.
21              THE COURT:  All right.  Thank
22    you.
23              ATTORNEY CHERNIN:  Judge, I'm
24    sorry, the other thing that I didn't hear was
25    the photographs that the court is making as
```

23

```
 1      court exhibits, I assume for --

 2              THE COURT:  -- purposes of --

 3      appellate purposes, documenting the condition

 4      in which it was the basis for your request for

 5      a mistrial.  Do you want me to label it

 6      something else?

 7              ATTORNEY CHERNIN:  No, I just was

 8      wondering what numbers --

 9              THE COURT:  64 for that, and then

10      Mr. Griffin had asked that he be allowed to

11      have a Polaroid taken of the plastic gun that

12      he had used, he described, I believe as a red

13      plastic gun, it was a brownish red, rust

14      colored gun that he had used.  Again, it

15      wasn't parked for evidence, it was used for

16      demonstrative purposes, but he wants to take a

17      picture of it for purposes of the record as

18      well.  And we would label that as 65.

19              Mr. Chernin, Mr. Griffin, do

20      those numbers correlate to your records?

21              ATTORNEY GRIFFIN:  Yes.  The next

22      exhibit number would be 65, whether it's going

23      to be another photo of the defendant or the

24      gun, what I'd simply do is send Mr. Chernin a

25      letter with whatever number that clerk marks
```

```
 1    that picture of the gun that I'll bring down
 2    today, and I'll notify Mr. Chernin of what
 3    that number is so he has it for his file.
 4                    THE COURT:  Well, it's going to
 5    be 65.  This right now is 64, the picture
 6    here, we're not going to take any more
 7    pictures, that one's done.  65 is the -- is
 8    the gun picture.  So we're concluded with
 9    these ceremonies.
10                    (Exhibit Number 65 to be marked
11    for identification.)
12                    (Discussion off the record.)
13                    THE COURT:  Mr. Griffin and
14    Mr. Chernin, did you turn in your jury lists?
15                    ATTORNEY GRIFFIN:  Yes, I did
16    that a long time ago.
17                    ATTORNEY CHERNIN:  We did that.
18                    THE COURT:  Both jury lists have
19    been turned in?  I'm going to order the jury
20    list be sealed.  Jury lists are ordered
21    sealed.
22                    The next court date is April 22nd
23    at 8:30.
24                    (End of proceedings.)
25
```

25

1    STATE OF WISCONSIN )

2

3    MILWAUKEE COUNTY    )

4

5              I, Lori J. Cunico, do hereby certify

6       that I am a Registered Professional Reporter,

7       that as such I recorded the foregoing

8       proceedings, later transcribed by me, and that

9       it is true and correct to the best of my

10      abilities.

11

12      Dated this____ day of October, 2005, at

13      Milwaukee, Wisconsin.

14

15

16      _____

17      Lori J. Cunico - Court Reporter

18

19

20

21

22

23

24

25

26